MATTER OF CARALEKAS

In Deportation Proceedings

A-20168238

*Decided by Board February 25, 1975*

The immigration judge granted respondent's application for adjustment of status under section 245 of the Immigration and Nationality Act, as an investor who was exempt from the labor certification requirement of section 212(a)(14) of the Act, and the Service appealed. Respondent's claim for investor status was based on his investment of $80,000 in a restaurant. However, at the time he filed his application for adjustment, the restaurant enterprise was idle, and he was living off of his share of the proceeds of its sale. In order to qualify for the exemption under 8 CFR 212.8(b)(4), the enterprise must be productive of a service or commodity, and this one was not. Respondent further claimed he had sufficient income from the sale of the restaurant so he was not in the job market and did not require a labor certification. Since the record does not disclose the full extent of respondent's personal finances, or intentions with respect to future economic activity, the record will be remanded so that inquiry may be made of these matters in order to determine whether respondent is or is not subject to the labor certification requirement.

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251 (a)(2)]—Nonimmigrant—remained longer.

ON BEHALF OF RESPONDENT:
David W. Walters, Esquire
100 Biscayne Blvd. North, #1001
Miami, Florida 33132

ON BEHALF OF SERVICE:
Paul C. Vincent
Appellate Trial Attorney

In a decision dated September 27, 1973, the immigration judge granted the respondent's application for adjustment of status under section 245 of the Immigration and Nationality Act. The Immigration and Naturalization Service has appealed from that decision. The record will be remanded for further proceedings.

The respondent is a native of Greece and a citizen of Canada. Deportability is not in issue and the only question on appeal involves the propriety of the grant of adjustment of status.

The respondent sought section 245 relief as a nonpreference immigrant alien. The immigration judge found that the respondent satisfied the labor certification requirements of section 212(a)(14) as an "investor"

within the contemplation of 8 CFR 212.8(b)(4). The Service contends that the respondent does not qualify for this exemption from labor certification, and therefore that the respondent is statutorily ineligible for adjustment of status as a nonpreference immigrant.

Pursuant to 8 CFR 212.8(b)(4), an "investor" must be engaged in a commercial or agricultural enterprise in order to qualify for the exemption. The Service argues that the respondent is no longer engaged in commercial activity, and therefore fails to satisfy the requirements of the regulation.

The respondent was admitted to the United States as a nonimmigrant visitor in November of 1970. He became a shareholder and the principal financial backer of a closely held corporation, which was incorporated under the laws of Florida. The respondent evidently invested $80,000 in the corporation. The corporation thereafter purchased a restaurant in Florida for $125,000, and began operating the restaurant as its primary business endeavor.

The corporation sold the restaurant in September of 1972 for approximately $200,000. The sale appears to have been the result of dissension among the owners of the corporation. The respondent is now the sole stockholder in the corporation, and he is evidently supporting himself with the proceeds of the sale of the restaurant. The corporation had been idle for approximately one year as of the date of the respondent's hearing, and continues to be idle as far as is reflected in the record.

In *Matter of Heitland,* 14 I. & N. Dec. 563, (BIA 1974), we indicated that an investment in a "commercial or agricultural enterprise" should be productive of a service or commodity in order to qualify under the regulation. The respondent's investment in the corporation was of that character at one point in time; however, the corporation has been an idle entity since September of 1972. We find that the respondent is not engaged in a commercial enterprise within the meaning of the regulation. His investment is not productive of a service or commodity. Accordingly, we agree with the Service that he is not entitled to the "investor" exemption from labor certification on the facts of this case.

Counsel for the respondent has advanced a second theory under which the respondent might qualify for adjustment of status. Counsel argues that the respondent made a good profit on the corporation's sale of the restaurant, that the respondent is now living on income derived from this sale, and that the respondent is not now in the job market. Accordingly, counsel contends that the respondent does not require labor certification because the respondent will not be performing skilled or unskilled labor within the purview of section 212(a)(14).

Since the respondent does not appear to be earning any income, other than that generated by his property holdings, it is possible that the labor certification requirement is not applicable to him. The record,

however, does not disclose the full extent of the respondent's personal finances nor does it reveal his intentions with respect to future economic activity. Thus, we cannot make an informal judgment regarding the applicability of section 212(a)(14) to the respondent. We shall therefore remand the record in order that inquiry can be made of these matters.

On remand, it is possible that the respondent may again raise a claim to "investor" status. In any event, the immigration judge should render a new decision after the reopened hearing.

ORDER: The record is remanded to the immigration judge for further proceedings.

Louis P. Maniatis, Board Member, dissented without opinion on the question of remand.

Irving A. Appleman, Board Member, abstained from consideration of this case.